Lisa S. Kantor, Esq. State Bar No. 110678
 e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
 e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
AMALIA DE SOTELO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA DE SOTELO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE INS. CO., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; ATTORNEYS' FEES AND COSTS** |

Plaintiff, AMALIA DE SOTELO, herein sets forth the allegations of her Complaint against Defendant UNITED HEALTHCARE INSURANCE COMPANY.

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA.  Jurisdiction is predicated

under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan.  Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff AMALIA DE SOTELO is and was at all relevant times a resident of Los Angeles County, California.  Thus, venue is proper in this judicial district pursuant to 29 U.S.C § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under a retiree health benefit plan issued by PepsiCo, Inc. and called the Retiree Health Care and Group Insurance Program ("the Plan"), an employee welfare benefit plan regulated by ERISA.  The Plan provides medical, prescription drug and life insurance benefits which are funded through an insurance policy.

4. The medical benefits under the Plan are insured by Defendant United Healthcare Insurance Company ("UHIC").  Plaintiff is informed and believes that UHIC is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

5. The Skilled Nursing Facility Care benefits under the Plan were administered by UHIC.

## FIRST CAUSE OF ACTION
## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

6. Plaintiff incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. Plaintiff is a 91 year-old woman. On May 28, 2012, Plaintiff was admitted to The Californian, a skilled nursing facility in Los Angeles County, California, for post-operative recovery following surgery for her knee. Plaintiff was also diagnosed with chronic kidney disease stage III, hypothyroidism, deep vein thrombosis, congestive heart failure, hypertension, hyperlipidemia, anemia, esophageal reflux and diabetes type II upon her admission.

8. Plaintiff discharged from The Californian on July 25, 2012.

9. On the same day as her first discharge from The Californian, Plaintiff suffered a broken ankle at her home. Plaintiff underwent surgery at Huntington Memorial Hospital to repair her fractured right ankle.

10. On July 29, 2012, Plaintiff was readmitted to The Californian for post-operative recovery and to receive skilled therapeutic services for neuromuscular re-education, gait training, skills monitoring, and pain management. Plaintiff was diagnosed with aftercare traumatic fractured ankle, fall, joint replaced ankle, debility and difficulty walking.

11. During her second admission to The Californian, Plaintiff received physical therapy, occupational therapy, skilled nursing services, diabetes control, prescription medication administration and therapy evaluations. Treatment also included maintaining the integrity of her skin around the surgical wound, improving range of motion for her recovering ankle and managing pain associated with surgical recovery. In addition, care for Plaintiff was focused on preventing any future falls (as a result of balance and weakness issues associated with her knee and ankle injuries and surgeries) and skin infections around the surgical site

12. On November 12, 2012, Plaintiff was discharged from The Californian.

13. On June 17, 2013, upon receiving confirmation that Plaintiff's Medicare benefits for skilled nursing had been exhausted, UHIC denied Plaintiff's claim for benefits for her second admission at The Californian.

14. UHC based its denial on a characterization of Plaintiff's post-operative treatment and rehabilitation as falling within "custodial services."

15. On November 26, 2013 and December 6, 2013, Plaintiff requested her claim file and all relevant documents in order to review the documents and prepare her appeal. On December 3, 2013 and December 6, 2013, Plaintiff requested an extension to submit a first level appeal. UHC failed to respond to the multiple requests for an extension and provide relevant documents.

16. On December 13, 2013, Plaintiff submitted her first level appeal, specifically appealing the adverse benefit determination for the dates of services, July 29, 2012 through November 12, 2012, at The Californian.

17. On January 13, 2014, UHIC upheld the original denial. UHIC reviewing physician held that Plaintiff did not receive "acute medical care, skilled nursing care or restorative skilled therapy services on a regular, intensive basis with a reasonable expectation it would significantly improve functional independence or health outcomes." UHIC, again, characterized Plaintiff's treatment plan and services at The Californian as custodial care, or "assistance with activities of daily living and personal hygiene."

18. UHIC misstated the dates of services in its appeal decision, did not request medical records from The Californian prior to rendering a decision nor did it make any reference in its appeal denial to any Skilled Daily Nurses Notes or Physical Therapy Progress Notes included at length in Plaintiff's medical records.

19. On January 17, 2014, Plaintiff again requested a copy of her claim file from UHC, in accordance with ERISA, the Plan, and pursuant to her rights outlined in UHC's denial letter. UHC initially responded to this renewed request for claim-related documents with a simple quotation of the UHC Plan's "Convalescent, Rehabilitative, or Skilled Nursing Care" subsections.

20. On February 14, 2014, Plaintiff made another attempt to get the requested documents and was faxed copies of Explanation of Benefits (EOBs) dated between July 29, 2012 and November 12, 2012.

21. On February 25, 2014, Plaintiff's renewed telephonic request for relevant claims-related documents was met with a promise to investigate the claim and provide the relevant documents and subsequently no returned phone call.

22. On March 11, 2014, Plaintiff submitted to UHC a second level appeal for denial of Skilled Nursing benefits stressing that UHC's wrongful benefit denial forced Plaintiff and her family to pay for a large portion of her treatment at The Californian out-of-pocket. Plaintiff again requested the claim file and relevant claim-related documents.

23. On March 24, 2014, UHC denied Plaintiff's second level appeal merely affirming that it had accurately processed Plaintiff's claim in its first denial. UHC's second benefit denial contained no explanations for its decision and no relevant claim-related documents. Additionally, UHC's denial letter even misspelled Plaintiff's name for good measure.

24. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide a full and fair review of Plaintiff's appeal of UHC's benefit determination;

(c) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts, laws and Plan provisions, for the denial of the claims for medical benefits;

(d) Failure to promptly provide claims and appeals decisions within applicable time limits required by ERISA and the Plan; and

(e)   Failure to properly and adequately investigate the merits of the claims.

25.   Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

26.   Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

27.   On July 19, 2013, as a proximate result of the denial of medical benefits, Plaintiff's family paid $10,000 out-of-pocket for Plaintiff's treatment at The Californian.  Plaintiff has been damaged in the amount of all of the medical bills incurred for the treatment, in the amount of $22,182.36, of which $7,523.86 remains as an outstanding balance for Plaintiff's dates of services.

28.   As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorney's costs and fees.  Pursuant to 29 U.S.C § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

29.   Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST
## FOR EQUITABLE RELIEF

30.   Plaintiff refers to and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31.   As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by

Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

  (a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

  (b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 1, 2014      KANTOR & KANTOR LLP

By: */s/ Lisa S. Kantor*
  Lisa S. Kantor
  Elizabeth K. Green
  Attorneys for Plaintiff,
  Amalia De Sotelo